**UNITED STATED DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION, CINCINNATI OFFICE**

| | | |
|---|---|---|
| **EDWARD HIBBARD,** | : | **Case No.:** |
| **Plaintiff,** | : | **Judge:** |
| **V.** | : | |
| **THE KROGER COMPANY** | : | **COMPLAINT AND** |
| | | **JURY DEMAND** |
| **AND** | : | **ENDORSED THEREIN** |
| **JOHN DOES 1 through/and including 10** | : | |
| **NAMES AND ADDRESSES UNKNOWN** | | |
| | : | |
| **Defendants.** | | |

---

**PRELIMINARY STATEMENT**

1.      This is a civil rights action alleging discrimination and retaliation in employment.

2.      The Plaintiff alleges violation of the Americans with Disabilities Act as amended 42 USC 12101 *et seq*., and Ohio Revised Code Sections 4123.90 and 4112 *et seq*., and violation of Title VII, 42 USC 2000e.  This also alleges violation of the Family Medical Leave Act and various other state and federal laws.

**JURISDICTION AND VENUE**

3.      The Court has jurisdiction over this matter pursuant to questions of federal law and all other state claims against Defendants under 28 USC 1367.

4.      Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission against Defendants.  The EEOC Case No. is EEOC Charge No. 473-2013-00350.  The EEOC issued a Notice of Right to Sue Letter, and Plaintiff now timely files this complaint within 90 days of receipt.

1

5.     Defendants are domiciled at 1014 Vine Street, the City of Cincinnati, Hamilton County, State of Ohio.

## THE PARTIES

6.     Plaintiff, Edward Hibbard, is a qualified individual with a serious medical condition and who has a disability that effects one or more major life functions or activities.   He was an employee of Defendants, The Kroger Company (hereinafter referred to as Defendant "Kroger") and John Does 1 through and including 10 under the meaning of section 701(f) Title VII under the Civil Rights Act of 1964 as amended 42 USC 2000e(f), under the Family Medical Leave Act (FMLA) and under the Americans With Disabilities Act (ADA) and within the meaning of ORC 4112.01(A)(3).

7.     Defendant Kroger is an Ohio corporation licensed to do and doing business in the State of Ohio with principle business in Hamilton County, Ohio and is an "employer" within the meaning of Section 701(e) Civil Rights Act of 1964 as amended 42 USC 2000e(b), FMLA and ADA as amended,  and within the meaning of ORC 4112.01(A)(2). Defendants have fifty or more employees during the relevant period of time.

8.     At all times relevant hereto, Defendants are a party to the Agreement between the United Food Workers of America (UFCW), Local 75.

9.     At all times relevant hereto, Plaintiff is a member of and/or included in the coverage of the contract between United Food Workers of America (UFCW), Local 75, and Defendants.

10.     At all times relevant hereto, Defendants John Does 1 through and including 10 were and are individuals or entities whose names and addresses could not have been discovered by Plaintiff through exercise of due diligence prior to the filing of this lawsuit.

2

11.     Defendant John Does 1 through and including 10  were at all times relevant hereto, "employers" within the meaning of Section 701(e) Civil Rights Act of 1964 as amended 42 USC 2000e(b), FMLA and ADA as amended,  and within the meaning of ORC 4112.01(A)(2).

## STATEMENT OF FACTS

12.     Plaintiff, Edwards Hibbard, was hired by Defendant Kroger, on or about June 1996.  At all times relevant hereto, Plaintiff was a qualified individual with a disability, and has a serious medical condition.   He has received medical treatment and has major medical conditions which significantly affect his activities of daily living.  Specifically, he has difficulty processing information, has an autism disorder, depression and anxiety and requires additional time to learn new tasks and processes.

13.     Plaintiff was under the supervision of a physician during the time he has been working for Defendant Kroger.  He has had to take time off under the FMLA during his employment with Defendants, and until the last leave, was returned to work on several occasions over his 17 plus years of employment.

14.     Defendants and their managers and supervisors, including Ethan McFarland, perceived Plaintiff as having a disability.

15.     Between 2009 and 2012, Plaintiff made multiple written and verbal request for a department move, Seafood to Grocery, where he would have more opportunities and be able to earn more money.

16.     In or about June 2009 Defendant Kroger, through their manager, Terri Coffee, talked to Plaintiff about his request to move into Grocery and be the "conditioner" stocking and facing.

17.     Shortly thereafter, Defendant Kroger, by and through their employee and agent, Anthony Sneller, told Plaintiff that Store manager Dave Wall had decided not to allow Plaintiff to be promoted to grocery department because Plaintiff was "so good with customers store wanted to keep him in Seafood".

18.     On or about August 2012, Plaintiff was promoted to the Grocery Department where he worked under the control and direction of manager Ethan McFarland.

19.     Mr. McFarland was responsible for training and supervising Plaintiff.

20.     During his training, Plaintiff was subjected to harassment and discrimination based on his disability.  Actions of Defendants included the following:

21.     Ethan McFarland standing behind Plaintiff and yelling at him to go faster when stocking the shelves, then making fun of him for not going faster.  This caused obvious devastating exacerbation of Plaintiff's disability, including increased anxiety, depression, and confusion.

22.     Plaintiff was not given instructions about which bread bins were to be stocked and which were to be returned as being too old to sell.  While Plaintiff was stocking what had been provided to him, which was the older bread, defendants approached him and yelled at him telling him he was doing it wrong, that the bread when stacked a certain way was to go back off the floor, and the bread stacked a different way was to be put out as stock. This was in public and was humiliating.  Rather than instruct him before he started, the defendants publically humiliated him and grabbed product from his hands in front of customers.

23.     Plaintiff was made fun of by co-workers, mimicking him and his particular mannerisms associated with his autism.  This was done in front of customers who knew

Plaintiff, and understood that his co-workers were making fun of Plaintiff.  Defendants'

managers and supervisors were aware of this conduct and ratified it.

24.     Defendant manager, Ethan McFarland, kept complaining about and to Plaintiff to

go faster, and then successively wrote him up in disciplinary actions for not going fast

enough, despite the request for reasonable accommodation to be given more time to learn

the job, and to be permitted more time to complete the tasks of the job.

25.     Plaintiff requested reasonable accommodation to learn his new job in the Grocery

Department, but was not given the accommodation which consisted of additional time to

learn the job, and additional time to complete each task.

26.     In or about the second week of August, 2012, after Plaintiff was transferred to the

Grocery Department, Co-workers and managers, including Scott Melton and Ethan

McFarland, were out on dock where Plaintiff was moving product.  Melton and

McFarland began laughing and taking pictures with their phone of Plaintiff.  They asked

Plaintiff if he wanted to be part of the "Ethan McFarland Fan Club".  Because of

Plaintiff's autism/asburger's syndrome, he did not immediately understand these verbal

cues.  Plaintiff asked his managers if there really was such a club and both managers

began laughing at him.

27.     On or about August, 2012, Plaintiff was asked to stock bread, but no instruction

was given regarding this task.  Plaintiff began stocking outdated bread, and instead of

providing instruction or correction, defendant, manager Ethan McFarland, yelled at him,

told him he was stupid, and had Plaintiff hold up the outdated bread, pose with it and then

McFarland took Plaintiff's picture with his phone.

5

28.     In or about December, 2012, due to nonstop verbal reprimands and write-ups, having picture taken, given no training, being ridiculed and humiliated by co-workers and managers, Plaintiff was taken off work by his physician an put on 30 day Short Term Disability under the FMLA.

29.     In early March, 2013, Plaintiff filed an Complaint with the EEOC alleging discrimination against Defendant Kroger and specifically naming Ethan McFarland.

30.     Upon information and belief, Defendant Kroger and McFarland knew of the charge being filed by Plaintiff at the time he returned to work on March 17, 2013.

31.     On or about March, 17, 2013, Plaintiff returned to work in the Grocery Department.

32.     On or about March 17, 2013, Ethan McFarland came into the store on his day off and confronted Plaintiff questioning him as to his time off and if he "enjoyed your time off for his mental health issues".  On or about March 17, 2013, Ethan McFarland and Scott Melton stood in  the isle where Plaintiff was stocking cases and told him he was the slowest person in the grocery department and they were not getting 40 hours of work out of him.

33.     In March 2013, Plaintiff called the store and spoke with manager Ethan McFarland to ask what next task would be for him and Ethan hung up the phone without any response.

34.     In or about March 2013, Defendant Kroger, through Manager McFarland, came to Plaintiff was working, and told him again that he was the slowest employee in the store. Later that same day Ethan comes to where Plaintiff was stocking and stood directly over him and says "go fast" over and over again.

35.     On or about March, 2013 Plaintiff was again stocking product in front entry to store. Ethan McFarland asked Plaintiff what he was doing and if he was doing it the safest way. McFarland then took out his camera and photographed Plaintiff working. Plaintiff asked manager McFarland "why are you taking my picture?"  Manager McFarland responded "It is my choice.  I can do whatever I want."

36.     On or about March 2013, plaintiff's medical conditions were exacerbated to the point where his physician took him off work for his health and safety in order for him to recover from the exacerbation.

37.     In or about March 2013, Plaintiff requested additional FMLA leave and disability leave under the policy and program of Defendant Kroger.  However, Defendant Kroger disallowed the requests in discrimination for his medical conditions.  Defendant Kroger is in control of recommendations as to coverage and approval of applications for disability coverage.

38.     Plaintiff's condition was exacerbated to the point where he was approved for Social Security Disability, and was unable to return to work as a result of the treatment and harassment he received from Defendants.

39.     The Plaintiff is also a union member and subject to union contract which includes a three-step discipline and termination program.  Defendant discriminated against Plaintiff when they refused to follow the program, refused to reinstate Plaintiff as requested, refused to provide proper training and reasonable accommodation, and essentially constructively terminated him through their harassment.

40.     Defendants' actions toward Plaintiff were a violation of the contract(s) between the Defendants and the Union.

7

41.      Plaintiff has worked for Defendant for over 1 year as a full time employee during the year prior to his termination.  He was eligible for leave under the Family Medical Leave Act (FMLA).

42.      Plaintiff had to take leave for a serious medical condition during the year prior to his termination and said leave was protected under the FMLA.

43.      The Defendant has treated other employees who do not have workers compensation claims, do not have disability under the ADA, and have not taken FMLA leave, better than plaintiff.

44.      The actions by the employer and ultimately the decision to terminate Plaintiff were done in direct retaliation and discrimination for Plaintiff's having a need for accommodation in the work place, being perceived as having a disability, taking family medical leave pursuant to the FMLA and for participating in a grievance procedure, and in violation of the FMLA, ADA, and Ohio Revised Code 4123.90.

## FIRST CAUSE OF ACTION – TITLE VII

45.      Plaintiff re-alleges as if fully re-stated herein all allegations contained in the prior paragraphs.

46.      Defendants, and each of them, have violated Plaintiff's rights to be free of gender discrimination, race discrimination under Title VII of the Civil Rights Act of 1964 as amended 42 USC 2000(e) *et seq*.

## SECOND CAUSE OF ACTION – ORC 4112

47.      Plaintiff re-alleges as if fully re-stated herein all allegations contained in prior paragraphs.

48.     Defendants have discriminated and retaliated against Plaintiff in violation of ORC 4112 based on disability.

## THIRD CAUSE OF ACTION

49.     Plaintiff re-alleges as if fully re-stated herein all allegations contained in prior paragraphs.

*50.*     Defendants, and each of them, have violated Plaintiff's right to be free of disability discrimination under the Americans with Disabilities Act as amended 42 USC 12101 *et seq.*

## FOURTH CAUSE OF ACTION

51.     Plaintiff re-alleges as if fully re-stated herein all allegations contained in prior paragraphs.

52.     By acting in the manner prescribed herein toward Plaintiff, in a careless and negligent manner, Defendants knowingly created a greater probability of causing substantial harm to others, especially Plaintiff.

53.     Defendants' actions constitute a willful and wanton recklessness and a conscious disregard for the safety and well being of others, especially the Plaintiff, hereby entitling Plaintiff to punitive damages.

54.     The actions of Defendants were grossly outrageous such that any individual would find them offensive.

## FIFTH CAUSE OF ACTION

55.     Plaintiff re-alleges as if fully re-stated herein all allegations contained in prior paragraphs.

56.     Defendants, and each of them, breached the express and implied employment contract by failing to maintain a workplace free of disability harassment, and discrimination and retaliation based on use of FMLA leave, and request for reasonable accommodation under the ADA.

57.     Defendants, and each of them, entered into an express and/or implied contract with Plaintiff agreeing to pay him an hourly wage for services rendered, and to follow the provisions of the Kroger Policies and procedures and the and maintain the contractual provisions of their contract with the UFCW, Local 75.

58.     Defendants further agreed by law and policy to provide a work place safe and free from discrimination and retaliation.

59.     Defendants, and each of them, breached the express and/or implied contract in violation of public policy as alleged herein.

60.     As a direct and proximate result of Defendants' breach of contract, Plaintiff has suffered and will continue to incur lost wages, lost benefits, and all other damages alleged above.

## SIXTH CAUSE OF ACTION – ERISA

61.     Plaintiff re-alleges as if fully re-stated herein all allegations contained in prior paragraphs.

62.     Defendant failed to provide employment benefits, including but not limited to health insurance, in the same or similar manner as other similarly situated employees.

63.     Defendant's actions were in violation of ERISA.

64.     Plaintiff is entitled to damages as a result of Defendant's violation.

65.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has

suffered damages in the form of past lost wages, past pain and suffering, past emotional

distress, and will continue to suffer these damages in the future.

### SEVENTH CAUSE OF ACTION – RESPONDEAT SUPERIOR

66.     Plaintiff re-alleges as if fully re-stated herein all allegations contained in prior

paragraphs.

67.     At all times relevant hereto, John Does one through and including ten were agents

and/or employees of Defendant employer including but not limited to Defendant Kroger.

68.     At all times relevant hereto, John Does one through and including ten were acting

within the course and scope of their employment with furtherance of interest of said

Defendant Company.

69.     Defendants are liable to Plaintiff for his damages under the Doctrine of

Respondent Superior.

        **WHEREFORE**, Plaintiff demands judgment against Defendants for loss of

wages, back pay, front pay, benefits, loss of opportunity, in the amount in excess of

$75,000.00 as follows:

    a.  Further, Plaintiff demands judgment against Defendant for loss of future
        earnings and front pay, and loss of earning capacity in the amount in
        excess of $75,000.00.

    b.  Further, Plaintiff demands judgment against Defendants for pain and
        suffering, loss of reputation, loss of money in endeavoring to protect
        himself against Defendant's unlawful discrimination, humiliation,
        embarrassment, and loss of self-esteem in the amount in excess of
        $75,000.00.

    c.  Further, Plaintiff demands judgment against Defendant for psychological
        suffering and damages in the amount in excess of $75,000.00.

    d.  Further, Plaintiff prays for compensatory damages, economic damages,
        and non-economic damages in an amount in excess of $75,000.00.

11

e.  Further, Plaintiff demands judgment against Defendant for punitive damages as is deemed just and proper by this court.

f.  Further, Plaintiff prays for reinstatement of his employment.

g.  Further, Plaintiff prays for reasonable attorney's fees and costs.

h.  Further, Plaintiff prays for pre-judgment and post-judgment interest, and

i.  Further, Plaintiff prays for all other relief this Court deems just and equitable.

> Respectfully Submitted,
> **LAW OFFICES OF**
> **ALISSA J. SAMMARCO MAGENHEIM**
>
>
> */S/ Alissa J. Sammarco Magenheim*
> Alissa J. Sammarco Magenheim (0077563)
> Attorney for Plaintiff, Edward Hibbard
> 639 Main Street
> Cincinnati, Ohio 45202
> Phone:  513-706-8274
> Fax:  513-763-7704
> Email:  AlissaMagenheimLaw@gmail.com

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues.

> Respectfully Submitted,
>
>
> */S/ Alissa J. Sammarco Magenheim*
> Alissa J. Sammarco Magenheim 0077563
> Attorney for Plaintiff, Edward Hibbard

12